**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DUMONT BUSH,** | : | |
| | : | **Civil No. 1:13-CV-965** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case.

The *pro se* plaintiff, Dumont Bush, is a federal prisoner, who was formerly housed at the United States Penitentiary-Canaan in the summer of 2011. Bush is currently suing the United States, alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action seeking damages from the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On March 6, 2014, the defendant filed a motion to dismiss this complaint, which we also construed as a motion for summary judgment, in this case. (Doc. 27.) This motion alleged that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court. With respect to this administrative exhaustion requirement, the undisputed evidence reveals the following chronology of events: On April 14, 2013, Bush submitted an administrative tort claim to the Bureau of Prisons. (Doc. 28-1 ¶3.) Two days later, on April 16, 2013, Bush filed this complaint in federal court. (Doc. 1.) At the time that he filed this complaint, Bush had not exhausted his administrative tort claim. Indeed, the Bureau of Prisons first received Bush's administrative tort claim, dated April 14, 2013, on April 22, 2013, six days after this lawsuit was filed. (Doc. 28-1 ¶3.) The Bureau of Prisons acknowledged receipt of this claim from the plaintiff on May 30, 2013, (id., ¶ 5), and denied the administrative tort claim on October 29, 2013, several months after Bush filed this lawsuit. (Id., ¶6.)

On these facts, the defendant has now moved to dismiss this complaint, citing the plaintiff's failure to exhaust administrative remedies within the prison system prior to filing this complaint. Such administrative exhaustion is required by law before an

inmate may proceed into federal court.  The parties have fully briefed this motion,

(Docs. 28, 31 and 32.) and this motion is, thus, ripe for resolution.

For the reasons set forth below, it is recommended that the motion to dismiss

be granted, but without prejudice to the filing of an amended complaint now that Bush

has completed the process of exhausting his administrative tort claims.

## II.   Discussion

### A.   The Parties's Burdens of Proof and Persuasion

#### 1.   Motion to Dismiss Rule 12(b)(1)

The defendant moved to dismiss this FTCA claim for failure to exhaust pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) permits the

dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1)

motion may be treated as either a facial or factual challenge to the court's subject

matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884,

891 (3d Cir.1977).  In reviewing a facial attack, the court must only consider the

allegations of the complaint and documents referenced therein and attached thereto,

in the light most favorable to the plaintiff.  See id.; PBGC v. White, 998 F.2d 1192,

1196 (3d Cir.1993).  In reviewing a factual attack, the court may consider evidence

outside the pleadings.  See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997)

(citing Mortensen, 549 F.2d at 891).  Gould Electronics Inc. v. United States, 220 F.3d

169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other grounds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Here, the defendant's motion presents a factual attack upon subject matter jurisdiction, arguing that this Court lacks jurisdiction over this claim due to the plaintiff's failure to exhaust his administrative remedies.  When presented with such a fact-bound jurisdictional challenge are cautioned that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id.  In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891.  In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists.  Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891.  If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008).

## 2.    Summary Judgment Motion-Rule 56

Moreover, to the extent that this motion presents matters beyond the pleadings, in the form of competing declarations by the defendant and plaintiff, we have also previously placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule

56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P., Rule 56 (a).  Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality."  Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986).  If the nonmoving party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden at trial," summary judgment is appropriate.

Celotex, 477 U.S. at 322.  Summary judgment is also appropriate if the non-moving

party provides merely colorable, conclusory, or speculative evidence.  Anderson, 477

U.S. at 249.  There must be more than a scintilla of evidence supporting the

nonmoving party and more than some metaphysical doubt as to the material facts.  Id.

at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586

(1986).  In making this determination, the court must "consider all evidence in the

light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub.

Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Further, a party who seeks to resist a summary judgment motion by citing to

disputed material issues of fact must show by competent evidence that such factual

disputes exist.  In this regard, "only evidence which is admissible at trial may be

considered in ruling on a motion for summary judgment."  Countryside Oil Co., Inc.

v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995).  Similarly, it is well-settled

that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without

producing any supporting evidence of the denials."  Thimons v. PNC Bank, NA, 254

F. App'x 896, 899 (3d Cir. 2007)(citation omitted).  Thus, "[w]hen a motion for

summary judgment is made and supported . . ., an adverse party may not rest upon

mere allegations or denial." <u>Fireman's Ins. Co. of Newark NJ v. DuFresne</u>, 676 F.2d 965, 968 (3d Cir. 1982), <u>see</u> <u>Sunshine Books, Ltd. v. Temple Univ.</u>, 697 F.2d 90, 96 (3d Cir. 1982).  "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." <u>Lockhart v. Hoenstine</u>, 411 F.2d 455, 458 (3d Cir. 1969).  Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." <u>Gans v. Mundy</u>, 762 F.2d 338, 341 (3d Cir. 1985)(citing <u>Ness v. Marshall</u>, 660 F.2d 517, 519 (3d Cir. 1981)).

### B.    The FTCA's Administrative Exhaustion Requirement

In this case it is alleged that the plaintiff did not fully exhaust his administrative remedies before bringing this FTCA action.  The plaintiff's alleged failure to exhaust these administrative remedies may have substantive significance for the plaintiff.  As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued.  White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).  The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction."  Id.  The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity."  Id.  The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain.  28 C.F.R. § 14.2(a).  If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA.  28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

In this regard, it must be emphasized that full administrative exhaustion is a jurisdictional prerequisite to filing a lawsuit. Therefore, where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action. Miller v. United States, 517 F. App'x 62, 63 (3d Cir. 2013); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). In short, given the jurisdictional nature of

this exhaustion requirement, when an inmate files an FTCA lawsuit before he receives a final denial of his administrative tort claim, "the District Court [i]s without jurisdiction to rule on the FTCA claim[,] See McNeil, 508 U.S. at 111-12, 113 S.Ct. 1980 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed)," Accolla v. U.S. Gov't, 369 F. App'x 408, 410 (3d Cir. 2010), and the claim must be dismissed.

These legal tenets defining the jurisdictional nature of the FTCA's exhaustion requirement control here and compel dismissal of this complaint since the undisputed evidence shows that Bush submitted his administrative tort claim to the Bureau of Prisons on April 14, 2013, only two days prior to filing this complaint in federal court. (Doc. 1.)  Thus, at the time that he filed this complaint, Bush had not exhausted his administrative tort claim.   Indeed, the Bureau of Prisons only received Bush's administrative tort claim, dated April 14, 2013, on April 22, 2013, six days after this lawsuit was filed.  (Doc. 28-1 ¶3.)  The Bureau of Prisons acknowledged receipt of this claim from the plaintiff on May 30, 2013, (id., ¶ 5), and denied the administrative tort claim on October 29, 2013, several months after Bush filed this lawsuit. (Id., ¶6.)

Yet while we are compelled to recommend dismissal of this complaint, we acknowledge that administrative exhaustion is now completed in this case.  Therefore, it is recommended that this complaint be dismissed without prejudice to re-filing this

action now that Bush has fully satisfied this exhaustion requirement.  We recommend this course mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

Here, we conclude that this rule favoring liberal amendment of *pro se* pleadings applies with particular force here and strongly favors dismissal of this complaint without prejudice to the re-filing of this action now that Bush has satisfied the FTCA's exhaustion requirement.  In particular we note that it cannot be said that the FTCA's statute of limitations would render this amendment futile.  Rather, it is well-settled that:  "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it.  <u>Hughes v. United States</u>, 263 F.3d 272, 278 (3d Cir.2001); <u>see</u> <u>Hedges v. United States</u>, 404 F.3d 744, 748 (3d Cir.2005) (federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims).  Other courts of appeals also have applied equitable tolling in suits against the United States.  <u>Hedges</u>, 404 F.3d at 748 (citing other courts of appeals); <u>T.L. ex rel. Ingram v. United States</u>, 443 F.3d 956, 961 (8th Cir.2006) (citing courts of appeals holding that FTCA's limitations provision is

jurisdictional but that equitable tolling nevertheless applies because Congress so intended).  On the other hand, a court of appeals quite recently held that the FTCA's statute of limitation is jurisdictional and thus if a case is brought beyond the limitations period the court does 'not have jurisdiction and, therefore, cannot apply the doctrines of equitable estoppel or equitable tolling that might otherwise allow [the] plaintiff's case to proceed.' Marley v. United States, 548 F.3d 1286, 1289 (9th Cir.2008)." Santos ex rel. Beato v. United States, 559 F.3d 189, 194-95 (3d Cir. 2009).

Further, in the related context of inmate litigation under the Prison Litigation Reform Act, (PLRA), which also imposes an administrative exhaustion requirement upon prisoner-plaintiffs, it has been held that equitable tolling of any statute of limitations is appropriate while an inmate exhausts his administrative remedies.  This conclusion has been consistently reached by those appellate courts which have addressed this question in precedential opinions. See e.g., Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000).  This view has also often been espoused by the United States Court of Appeals for the Third Circuit, albeit in non-precedential opinions, where the court of appeals has held that: "[b]ecause exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts." Thompson v.

Pitkins, 514 F. Appx. 88, 90 (3d Cir. 2013); Paluch v. Sec'y Pa. Dep't of Corr., 442 Fed. Appx. 690, 694 (3d Cir. 2011)(same). See e.g., Ballard v. Williams, 3:10-CV-1456, 2010 WL 7809047 (M.D. Pa. Dec. 9, 2010) report and recommendation adopted, 3:10-CV-1456, 2011 WL 5089726 (M.D. Pa. Oct. 25, 2011); Ozoroski v. Maue, No. Civ. A. No. 08-0082, 2009 WL 414272, at *7 (M.D. Pa. Feb. 18, 2009); Carter v. Pa. Dep't of Corrections, Civ. A. No. 08-0279, 2008 WL 5250433, at *11 (E.D. Pa. Dec. 17, 2008) ("[T]he statute of limitations begins to run only when [a] plaintiff has exhausted his administrative remedies under the PLRA."); Cooper v. Beard, Civ. A. No. 06-0171, 2006 WL 3208783, at *8 (E.D. Pa. Nov. 2, 2006) ("Because an inmate would be placed in a situation where his suit would either be barred from federal court for failure to exhaust administrative remedies under the PLRA, or time-barred because he had pursued those administrative remedies . . . the statute of limitations for an inmate's § 1983 claims are tolled while he exhausts his administrative remedies.").

While we need not reach these statute of limitations issues at present since the defendant has not elected to assert the statute of limitations in this motion as a defense, it suffices for our purposes today to conclude that the FTCA's statute of limitations, which may be equitably tolled, clearly would not render any amendment of this complaint futile.  Therefore, while we are compelled to dismiss the original complaint

as unexhausted, that dismissal should be without prejudice to the filing of an amended complaint, provided that the plaintiff acts promptly in filing this amended pleading.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's Motion to Dismiss (Doc. 27.), be GRANTED and the plaintiff's complaint be dismissed, without prejudice to the filing of an amended complaint now that the plaintiff has fully exhausted his administrative tort claim, provided that the plaintiff acts within 20 days of any dismissal order.  The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of April, 2014.

***S/Martin C.  Carlson***
Martin C. Carlson
United States Magistrate Judge