IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUMONT BUSH,** : | **CIVIL NO. 1:13-CV-0965** |
| **Plaintiff** : | |
| : | **(Judge Rambo)** |
| v. : | **(Chief Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** : | |
| **Defendant** : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the chief magistrate judge in which he recommends that Defendant's motion to dismiss be granted without prejudice to Plaintiff's right to file an amended complaint. Defendant has filed objections to the report and recommendation only as to granting Plaintiff the right to file an amended complaint.

## **I.      Background**

Plaintiff Dumont Bush filed a Federal Tort Claim Act ("FTCA") action pursuant to 28 U.S.C. § 2671 *et seq.*, against the United States. In that action, Bush alleges that he suffered injuries as a result of the negligent act of the prison and USP Canaan in serving chicken tainted with salmonella bacteria (Doc. 1). Bush filed his administrative tort claim with the Bureau of Prisons on April 14, 2013. He filed the instant law suit in this court on April 16, 2013. The administrative tort claim was denied on October 29, 2013.

**II.        Discussion**

Defendant claims that the complaint should have been dismissed without an opportunity to amend as this court lacks jurisdiction because Bush failed to exhaust his administrative tort remedies prior to bringing his action in federal court. (Docs. 27, 28, 35 at ¶3.)  Defendant cites to *McNeil v. United States*, 508 U.S. 106 (1993), which held "the most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." (*Id.* at 112.)

Under the statue, the window of time Bush had to file a law suit ran for six months following the date of mailing of the notice of the final denial of his administrative tort claim by the agency.  *See* 28 U.S.C. s 2675(a).  *See also Wadhwa v. Nicholson*, 367 Fed. Appx. 322, 325 (3d Cir. 2010); *Hoffenberg v. Provost*, 154 Fed. Appx. 307 (3d Cir. 2005).

The filing of an amended complaint does not cure the defect.  *Paterson v. Potope*, 2013 WL 1314050 at *28-31 (M.D. Pa. 2013).  A new suit should have been filed within the six months after the administrative claim was denied.  *Soto v. United States*, 2007 WL 2601411 (E.D. Ca. 2007); *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009).

**III.       Conclusion**

The magistrate judge is in error in instructing Bush to file an amended complaint.  However, Bush, following the magistrate judge's instructions, filed a timely amended complaint.  The court is aware that Bush was notified by the assistant United States attorney that the Defendant intended to file objections to the

report and recommendation concerning the filing of an amended complaint and advised Bush to file a totally new action by April 29, 2014. (Doc. 34.) Bush cannot be faulted for following the instruction of a judicial officer as opposed to a party litigant and equity requires that Bush be given an opportunity to file a new action, thereby requiring an extension of the statute of limitations. An appropriate order will be issued.

                                                                                   s/Sylvia H. Rambo
                                                                                    United States District Judge

Dated: May 21, 2014.